IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. CR-08-33-S-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM DECISION** |
| v. | ) | **AND ORDER** |
| | ) | |
| ANTHONY AUSTIN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

# INTRODUCTION

The Court has before it the Defendant's Motion to Dismiss Count Three (Docket No. 16). For the reasons explained below, the Court will deny the motion.

# ANALYSIS

Defendant Anthony Austin seeks dismissal of Count III of the Indictment, which charges Austin with possessing a firearm in furtherance of drug trafficking. The applicable statute states in relevant part as follows:

> "[A]ny person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the

**Memorandum Decision and Order - 1**

>punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A).  Austin does not dispute his possession of the firearm. Instead, he contends that the firearm, which the Government alleges he received in exchange for drugs, was not possessed "in furtherance" of the alleged drug trafficking offense.

Mere possession of a firearm at a drug trafficking crime scene, without evidence that the weapon furthered an independent drug trafficking offense, does not support a conviction under 18 U.S.C. § 924(c).  United States v. Krouse, 370 F.3d 065, 967 (9th Cir. 2004).  "A conviction for possession of a firearm 'in furtherance of' a drug trafficking offense or crime of violence under § 924(c) requires proof that the defendant possessed the weapon to promote or facilitate the underlying crime." Id.  Thus, the "in furtherance of" element of the crime "turns on the intent of the defendant." Id.  A nexus between the gun discovered and the underlying offense is sufficient evidence to support a conviction under § 924(c).  Id. at 968.

The allegations in this case suggest that Austin received the gun in exchange for methamphetamine.  Although the United States Supreme Court recently held that a person who receives guns in exchange for drugs does not "use" a firearm

**Memorandum Decision and Order - 2**

"during and in relation to a drug trafficking crime," the Court expressly left open the question of whether that person "possesses" the firearm "in furtherance of" the drug trafficking crime. *Watson v. United States*, 128 S.Ct. 579, 585-6 (2007). As noted by the Ninth Circuit in *Krouse*, "[t]o 'further' means 'to help forward ... promote [or] advance.'" *Krouse*, 370 F.3d at 967. (citing Merriam-Webster's Third New International Dictionary (2002). Thus, "[t]he government must clearly show that a firearm was possessed to advance or promote the commission of the underlying offense." *Id.* (internal quotations and citations omitted). The Court concludes that the Government's allegations in this case fulfill that requirement. Simply put, Austin came into possession of the firearm for the very purpose of completing the commission of the underlying offense. It is difficult to see how the act of possessing a firearm could more clearly "advance or promote" a drug transaction than when it is received in payment for the drugs. Such phraseology strikes the ear as "both reasonable and normal." *Watson v. United States*, 128 at 582 (2007).

As recently explained by the Tenth Circuit, in a case strikingly similar to this case, when a defendant receives guns for drugs, the guns are essentially a form of payment. *United States v. Luke-Sanchez*, 483 F.3d 703, 706 (10th Cir. 2007). But for the gun, the alleged drug trafficking crime would not have occurred, at least

**Memorandum Decision and Order - 3**

with respect to that quantity of drugs for which the gun was payment. *Id.* In this sense, guns are "akin to any other form of currency used to pay for illegal drugs, all of which further and promote drug trafficking by sustaining the drug market." *Id.* Therefore, "the nexus between the drugs and the guns used to pay for them is sufficient, as a matter of law, to meet the 'in furtherance' prong of § 924(c)." *Id.*

For the reasons set forth above, the Court will deny the motion to dismiss.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Count Three (Docket No. 16) shall be, and the same is hereby, DENIED.



DATED: **June 16, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge